**UNITED STATES of America,
Appellee,**

v.

**James Ray JONES, Appellant.**

**No. 13862.**

United States Court of Appeals
Fourth Circuit.

Argued Jan. 5, 1970.

Decided Jan. 30, 1970.

Theodore A. Snyder, Jr., Greenville, S. C. (Wofford & Snyder, Greenville, S. C., on brief) for appellant.

Thomas P. Simpson, Asst. U. S. Atty. (Joseph O. Rogers, Jr., U. S. Atty., on brief) for appellee.

Before HAYNSWORTH, Chief Judge, and BOREMAN and CRAVEN, Circuit Judges.

---

PER CURIAM:

Appellant was convicted under 18 U.S. C. § 2314 for knowingly transporting across interstate boundaries stolen R. T. French food products of a value in excess of $5,000. The only significant issue raised on this appeal is whether the jurisdictional amount was established. Value is defined by 18 U.S.C. § 2311 as "market value."

[1, 2] The goods were stolen while being delivered by French to its customers. The only evidence of market value introduced was the invoices for the stolen goods which showed a price of $5,071.10. This was the price agreed upon by the buyers and seller of these goods and as such is competent evidence of market value. United States v. Palumbo, 2 Cir., 317 F.2d 607, cited with approval in United States v. Tippett, 4 Cir., 353 F.2d 335, 338 n. 2. The invoice also showed a two per cent discount which was offered French's distributors as a bonus for payment within ten days. This discount, available only if earned by the distributor, like an interest or penalty charge for late payment, does not alter the value of the goods themselves.

Accordingly, the judgment below is Affirmed.